Bathmell, J.
In this action the plaintiff seeks an injunction restraining the treasurer from collecting taxes on certain property added to the tax list by the auditor for the years 1898 to 1903, inclusive, and to have same stricken from the duplicate.
The petition recites that the auditor upon a hearing before him added to the duplicate for each of said years, a large amount of 'property, and certified same- to the treasurer upon which a tax of $4,147.12 is claimed. The claim of the plaintiff is that the property sought to be taxed here is partnership property which has been listed for taxation in I-Iarrlson county, Ohio, by the managing partner.
The claim of the defendants is that the members of said alleged firm, Joseph E. Barricklow and IT. S. Barricklow, are joint owners of said property, which consists of promissory notes, evidencing money loaned by them in Franklin county, and not partners, and taxable in this county, and that unless restrained, he, the treasurer, will proceed to collect the'same by legal process and with the auditor’s claim of compensation of four per cent.
*79 The issue presented here is as to the character of this holding. By Revised Statutes, 2734, it is provided that the property of every company, firm or corporation shall be listed by the president or principal accounting officer, partner or agent thereof, and by Section 2735, that every person required to list property on behalf of others, to list the same in the same township,' city or village in which he would be required to list it if such property were his own, but he shall list it separately from his own, specifying in each case the name of the person, company, and so forth, to whom it belongs.
It appears from the evidence that after the death of the father of the Barricklow brothers in 1875 they attempted to divide their interests in the estate, but before that was concluded an agreement was made- between them to handle their interests together, to loan their money, run their farms, and each was to put in like amounts made on the outside and any drawn out to be of like amounts. In this arrangement H. S. was to be the manager. Their transactions from that time on were conducted in the firm name of TI. S. & J. E. Barricklow; their profits were to be shared equally and their losses, if any, the same. They inherited some money subsequently, and each contributed to the firm a like amount. Additional land was purchased in the firm name, and their loans evidenced by notes secured by mortgages on real estate in this county, were made in the firm name .and conducted by the managing member from Cadiz township, Harrison county. They counseled each other in the investments and denominated their relation as partners.
Bates in his Law of Partnership gives the following definition:
“A partnership is the contract relation subsisting between persons who have combined their property, labor or skill in an enterprise or business as principals for the purpose of joint profit. ’ ’
And on page 17 he says:
“To determine whether the relation between persons constitutes a partnership their intention in forming it governs.”
W. L. Menvine, for plaintiff.
Dyer, Willimis <& Stouffer, for defendant.
The 17th Encyclopaedia of Law, page 630, under head of “What Constitutes Partnership,” gives the following:
“In general, community of interest, a sharing in the profits and losses as such, the existence of the mutual relationship of principal and agent, and an intention on the part of the persons interested, and uniting in the prosecution of the common enterprise to become and act as partners, are the proximate tests as to the existence of a partnership between them.”
Counsel for defendants have ably argued that the relation of those brothers was that of joint owners. A careful consideration of the testimony, the nature of the transactions, their language and consistent character, satisfy the court that they answer fully the definition of a partnership, and that it was legal and proper under the statutes to list their securities in the township where their managing partner resided, and that the adding of the same to the tax list in this county'was unlawful.
The conclusion reached on the issue of partnership makes it unnecessary to consider the other question—as to whether H. S. Barricklow was such agent of J. E. as required him to list for taxation J. E.’s share of the property held and controlled by him.
Finding of the issues in favor of the plaintiff, and injunction allowed as prayed for, and property stricken from the duplicate.